UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cv-399-R

LARRY H. JOEL,                                                                                          APPELLANT

v.

UNITED STATES OF AMERICA,                                                              APPELLEE

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on an appeal from the Bankruptcy Court, based on a June 21, 2006 order by that Court, and now concerning two (2) motions filed by the Appellant, Larry H. Joel ("Joel"). The motions request that the Court: 1) grant an Emergency Motion to Stay the United States of America's ("Government") seizure of property and for the return of seized property (Docket #5); and 2) grant a motion to expedite a hearing on the emergency motion (Docket #6). The Appellee has responded to the Appellant's motions (Dockets #7 & #8). This matter is now ripe for adjudication. For the following reasons, the Appellant's motions are **DENIED**.

**BACKGROUND**

The Appellant filed the underlying Chapter 7 bankruptcy claim on November 9, 2001. Approximately eighteen (18) months later on May 9, 2003, the Government, through the Internal Revenue Service ("IRS"), filed a proof of clam in the amount of $10,808,040.24. The proof of claim included Joel's federal income tax debts for the tax years 1991 to 1994, and 1998 to 1999. A claim for civil tax penalties under 26 U.S.C. §6672 was also included within the proof of claim.

On January 5, 2005, the Government filed a criminal complaint against Joel in the United States District Court for the Western District of Kentucky (Case No. 3:05cr-10-S). The second

superceding indictment filed in that case stated that Joel had been charged with attempting to evade and defeat his payment of Federal taxes and with conspiracy to defraud to the Government.            In September 2005, Joel filed an objection to the Government's proof of claim. After filing the objection, Joel served discovery on the Government, seeking to depose IRS Officer Linda Edwards and to receive documents related to the proof of claim filed by the Government. Scheduling conflicts took place between the parties, resulting with the Government moving for a stay on a hearing that would determine Joel's objection to the proof of claim. The hearing was eventually scheduled for June 20, 2006. Between September 2005 and June 2006, the Government claims that it deduced that Joel was attempting to use civil discovery procedures to undermine his criminal case. In addition, during that time, on April 12, 2006, the Honorable Charles R. Simpson III ("Judge Simpson") ordered that the seized property in question in this matter be returned to the Appellant (3:05cr-10-S, Docket #70).

    Before the Appellant could reclaim the seized property in question, the IRS, using its administrative levying power under 26 U.S.C. § 6321, retook possession of the property in question. Subsequent to that action by the IRS, on June 21, 2006, the Honorable David T. Stosberg ("Judge Stosberg"), of the United States Bankruptcy Court for the Western District of Kentucky, stayed the objection of the proof of claim filed by Joel pending the outcome of the criminal proceeding. The June 21, 2006 order by Judge Stosberg is at issue in this appeal.

    In his emergency motion to stay, Joel asserts there is a strong likelihood that he will prevail on his appeal because the bankruptcy case will not prejudice the criminal investigation. Joel further claims that he will suffer irreparable harm if the stay is not overturned because the IRS has not established its validity over the property seized. In addition, Joel claims that the IRS

will not suffer substantial harm if the stay is granted. In response, the Government argues that the Court does not have jurisdiction to grant Joel the relief requested. The Government further contends that Joel is re-litigating an issue he previously conceded, and that Joel cannot demonstrate irreparable harm.

In his motion to expedite, Joel contends that the June 21, 2006 order by Judge Stosberg violates his due process rights. Further, Joel reiterates that the criminal proceeding will not be affected by the bankruptcy case. In its response, the Government asserts that Judge Stosberg did not abuse his discretion in granting the stay and that Joel has improperly interjected facts not part of the appellate record that should not be considered in this present matter.

## STANDARD

On a bankruptcy appeal, the Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard; the Court reviews questions of law on a de novo standard; and the Court reviews exercise of discretion for abuse. *In re Gardner*, 360 F.3d 551, 557 (6th Cir.2004); 28 U.S.C. §158(a).

## DISCUSSION

As stated *supra*, the Appellant has filed two (2) separate motions in this matter. The Court will address each motion, and the legal issues each presents, individually.

**1. Emergency Motion to Stay the Government's Seizure and to Return the Seized Property**

As noted *supra*, on this appeal the Court is limited in its review, in that the Court may only review the June 21, 2006 decision by Judge Stosberg. As such, the Court must determine whether it has jurisdiction to grant Joel's motion in regards to the property seized and the property the Appellant wants returned to him. Here, the June 21, 2006 order by Judge Stosberg

dealt with the decision to stay the proof of claim objection until the criminal matter before Judge Simpson is determined. These two matters are not the same for purposes of review. Accordingly, the Court cannot address this matter at this time.

Assuming that the Court did have jurisdiction to address the seizure and the return of the property in question, the Court could not enjoin the Government from levying Joel's property and/or returning that property to him. It is well-settled that the Anti-Injunction Act, 26 U.S.C. § 7421(a), generally prohibits a Court from entertaining any action "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a); *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 736, (1974) (*quoting Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). An exception to this rule exists, however, as stated by the United States Supreme Court, "a pre-enforcement injunction against the assessment or collection of taxes may be granted only (i) if it is clear that under no circumstances could the Government ultimately prevail...and (ii) if equity jurisdiction otherwise exists...Unless both conditions are met, a suit for preventive injunctive relief must be dismissed." *Alexander v. Americans United Inc.*, 416 U.S. 752, 758 (1974).

Here, the Appellant has not demonstrated that under no circumstances the Government cannot prevail on its collection of taxes, especially since Joel initially agreed that the seizure was lawful. Further, equity jurisdiction does not exists in this matter because the Appellant has not "demonstrate[d] that he will suffer irreparable injury or that he otherwise lacks an adequate remedy at law." *Bob Jones Univ.*, 416 U.S. at 737. Joel had the opportunity to contest the levy of his property in an administrative proceeding, as established under 26 U.S.C. §6330. Joel did not take advantage of this opportunity, and therefore, relinquished his adequate remedy at law.

As such, Joel cannot meet the exception to the Anti-Injunction Act.

For the foregoing reasons, the Appellant's emergency motion to stay fails as a matter of law. The Court need not determine whether the IRS has properly seized and/or established its right to seize or return the property.

### 2. Motion to Expedite a Hearing on the Emergency Motion

In its motion to expedite a hearing on the emergency motion, the Appellant addresses the decision by Judge Stosberg to grant the stay until the conclusion of the criminal proceeding. As mentioned *supra*, Joel asserts that the stay violates his due process rights. The Appellant contends that the Court should adopt a balancing test to determine whether the Government's interest outweighs the interest of the Appellant in regards to due process. *See U.S. v. Four (4) Contiguous Parcels of Real Property Situated in Louisville, Jefferson County, Ky.*, 864 F. Supp. 652, 653 & 656 (W.D. Ky. 1994) (hereinafter "*Contiguous Parcels*"). In *Contiguous Parcels*, Judge Heyburn determined that the Government had violated the due process of the plaintiff in that matter because not only had the Government retained possession of the seized property for over eighteen (18) months, but also because the plaintiff had no remedy to challenge the seizure of the property by the Government. *Contiguous Parcels*, 864 F. Supp. at 653. The Court in that matter determined that the duration of time was unreasonable, and together with the lack of an "effective remedy" to seek a return of the property, the due process rights guaranteed to the plaintiff under the Fifth Amendment had been violated. *Id.* at 653.

In the instant matter, in contrast to *Contiguous Parcels*, the facts differ as to the seizure of the property. After Judge Simpson issued his April 12, 2006 order, the Government seized the property of the Appellant under its power to levy granted to the IRS under 26 U.S.C. § 6321. As

of the filing of this motion, the seized property has been in the Government possession for approximately five (5) months, based on the levy that took place in April 2006. Further, unlike the plaintiff in *Contiguous Parcels*, Joel had an opportunity to seek a remedy to challenge the levying of his property in accordance with 26 U.S.C. §6330. These facts not only distinguish the instant matter from *Contiguous Parcels*, but also demonstrate that Joel has not been denied his due process rights under the Fifth Amendment.

In support of this conclusion, the Government argues that the decision to grant the stay the proof of claim objection was well within the discretion of Judge Stosberg, and because the Appellant has been indicted in this matter, granting a stay protects the integrity of the criminal proceeding. In *Baranski v. Fifteen Unknown Agents of ATF*, the Court granted a stay of the civil proceeding to the Government while the criminal case was pending, stating that:

> "The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.' " *Molinaro*, 889 F.2d at 903 (*quoting Dresser*, 628 F.2d at 1376). This is not to say, however, that equally salient concerns are not implicated when the government moves to stay the civil suit of a plaintiff that is presently unindicted, but under active criminal investigation. In these circumstances, the primary concern is not the Fifth Amendment rights of the civil plaintiff-who is, after all, arguing that the court allow dual proceedings-but rather the government's interest in preventing a potential criminal defendant from exploiting the advantages of civil discovery.

*Baranski v. Fifteen Unknown Agents of ATF*, 195 F. Supp.2d 862, 870 (W.D. Ky. 2002). Here, unlike *Baranski*, an indictment has been returned in the criminal matter, lending further support to the decision by Judge Stosberg to grant the stay. Further, as noted in *Baranski*, the primary concern in this matter is preventing a criminal defendant from exploiting the advantages of civil discovery, not the Fifth Amendment rights of a *civil* plaintiff. As such, the fact that the Government has returned an indictment in the criminal matter further justifies the decision by

Judge Stosberg to grant the stay. Accordingly, the Court sees no reason why it should overturn the order of Judge Stosberg to grant a stay on the proof of claim objection until the close of the criminal proceeding.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Appellant's motions are **DENIED**.